IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALTON LARRY CRAWFORD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:09cv1102-TMH |
| ) | (WO) |
| BILLY MITCHEM, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**INTRODUCTION**

This case is now before the court on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Alton Larry Crawford ("Crawford") on July 13, 2009. After a jury trial, Crawford was convicted of Robbery in the First Degree by the Circuit Court of Houston County, Alabama. On April 11, 2006, the trial court sentenced Crawford to life imprisonment pursuant to the Alabama Habitual Offender Act. The Alabama Court of Criminal Appeals affirmed his conviction on March 16, 2007. Since Crawford did not fully pursue his direct appeal and failed to seek relief from the Alabama Supreme Court, he waived his right to file a petition for certiorari with the United States Supreme Court. Because Crawford did not file a petition for writ of certiorari to the Alabama Supreme Court, his conviction became final by operation of law when the Alabama Court of Criminal Appeals issued the certificate of judgment on April 4, 2007.

Crawford filed a state post-conviction petition challenging his conviction. In this

petition, Crawford alleged that his trial counsel was ineffective for failing to challenge the trial court's failure to hold a competency hearing prior to trial. He further alleged that his rights were violated because he was denied a competency hearing. Finally, he alleged that his trial counsel was ineffective for failing to request the preparation of a pre-sentence report prior to sentencing. The trial court denied this petition on July 6, 2007, and Crawford filed an appeal on August 9, 2007.[1]

On February 22, 2008, the Alabama Court of Criminal Appeals affirmed the trial court's denial of Crawford's Rule 32 petition. *See* Doc. # 8, Ex. A-1. The Alabama Supreme Court denied Crawford's petition for certiorari, and issued the Certificate of Judgment on August 8, 2008.

Crawford, through counsel, filed this petition for habeas corpus relief on July 13, 2009.

## DISCUSSION

**A. Claims barred by the Statute of Limitation**

Pursuant to the orders of the court, the respondents filed an answer and filed documents relevant to a disposition of the issues raised in this case. (Doc. # 8). The respondents argue that all of Crawford's claims are barred by the one-year limitation period

---

[1] The documents filed by Crawford to appeal the denial of his Rule 32 petition demonstrate that he executed the notice of appeal on August 9, 2007. (Doc. # 8, Ex. A at 85). Based on the documents, the court deems August 9, 2007, as the date of filing of Crawford's notice of appeal. *See Houston v. Lack,* 487 U.S. 266, 271-72 (1988).

applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[2] Upon review of the pleadings and evidentiary material filed in this case and the law of this Circuit, the court concludes that no evidentiary hearing is required and that the petition is due to be denied because it was filed outside the one-year period of limitation mandated by applicable federal law.

It is clear from the evidentiary materials filed by the respondents that Crawford's convictions became final in April 2007 – **after** the effective date of the one-year statute of limitations contained in 28 U.S.C. § 2244(d) which provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, Crawford must have filed his § 2254 petition within one year of his

---

[2]  Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). This Act became effective on April 24, 1996.

convictions becoming final, **exclusive** of the time that any properly filed state post-conviction petition was pending in the state courts. The respondents concede that Crawford filed a post-conviction petition in the state courts which tolled the limitation period. However, the respondents argue that even allowing a tolling of the limitation period during the pendency of Crawford's Rule 32 petition, the limitation period expired prior to filing this federal habeas petition. Consequently, the respondents argue that the applicable limitation period expired prior to the filing of this petition, and, thus, the instant federal habeas petition is time-barred under 28 U.S.C. § 2244(d)(1)(A).

28 U.S.C. § 2244(d)(1) directs that the limitation period for filing a § 2254 petition begins to run on the date when the time for seeking direct review of a challenged judgment expires. Crawford was convicted of robbery in the first degree in the Circuit Court of Houston County, Alabama on April 11, 2006, and he was sentenced on that date to life imprisonment. Crawford filed a direct appeal with the Alabama Court of Criminal Appeals which affirmed his conviction and sentence on March 16, 2007. Because Crawford did not file a petition for writ of certiorari to the Alabama Supreme Court, the Alabama Court of Criminal Appeals issued the certificate of judgment on April 4, 2007. Crawford did not further appeal his conviction.[3]

By operation of law, Crawford's conviction became final, at the latest, on April 4, 2007 – the date on which the Alabama Court of Criminal Appeals issued the certificate of

---

[3] Since Crawford failed to further undertake the direct appeals process, he could not petition the United States Supreme Court for review of his conviction.

judgment. Crawford had one year from that date - April 4, 2007 - to file a federal habeas corpus petition, unless the limitation period was tolled due to a pending state post-conviction application for relief.

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." 28 U.S.C. § 2244(d)(2). *See also Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitation period has expired."); *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."). After careful review of the record the court concludes that Crawford filed a Rule 32 petition in state court on May 22, 2007.[4] At this

---

[4] Neither the record nor the parties clearly establish the appropriate filing date of Crawford's Rule 32 petition. The Houston County Clerk of the Court filed Crawford's Rule 32 petition on June 27, 2007. (Doc. # 8, Ex. A at 3). However, the envelope in which the Rule 32 petition was mailed is postmarked June 15, 2007, and has date stamped filed by the Clerk of the Circuit Court of Houston County of June 18, 2007. (*Id*. at 5). Although the Rule 32 petition indicates that Crawford signed the Rule 32 petition on May 23, 2007, the notary public dated the petition on May 22, 2007. (*Id*. at 15). The certificate of service attached to the Rule 32 petition indicates that Crawford placed the Rule 32 petition in the prison mail box on May 23, 2007. (*Id*. at 27).

Giving Crawford every benefit, the court concludes that May 22, 2007 is the earliest date on which Crawford could have submitted the petition to prison officials for mailing. A pro se inmate's petition is deemed filed in federal cases the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Alabama courts have [adopted the mailbox rule and] held that a pro se incarcerated petitioner/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing." *Ex parte Allen*, 825 So.2d 271, 272 (Ala. 2002); *Holland v. State*, 621 So.2d 373, 375 (Ala. Crim. App. 1993) ("[A]" pro se incarcerated petitioner 'files' a Rule 32 petition when he hands the petition over to prison authorities for mailing.") Consequently, the mailbox rule applies to pro se Rule 32 petitions filed in the state courts of Alabama and the court concludes that May 22, 2007, is therefore the appropriate date of filing of Crawford's Rule 32 petition.

time, 48 days of the one-year limitation period had elapsed between the date his conviction became final and the filing of his Rule 32 petition in the Circuit Court of Houston County. Upon the filing of his Rule 32 petition, the limitation period was tolled while the petition remained pending in the state courts. The trial court denied the petition on July 6, 2007, and Crawford appealed this ruling on August 9, 2007. The Alabama Court of Criminal Appeals affirmed the trial court on August 22, 2008. The Alabama Supreme Court denied Crawford's petition for certiorari, and issued the certificate of judgment on August 8, 2008. Thus, Crawford's Rule 32 petition remained pending in the state courts until August 8, 2008. At that time, 48 days of the limitation period had run and Crawford had 317 days remaining in the limitation period within which to file his federal habeas petition. The time allowed for Crawford to file a federal habeas petition expired on June 22, 2009.[5] Crawford filed the instant habeas corpus petition on July 13, 2009. Under the circumstances of the case, as outlined herein, the one-year limitation period of 28 U.S.C. § 2244(d)(1) expired before Crawford filed his § 2254 petition.

On October 13, 2009, the court ordered Crawford to show cause why his petition should not be dismissed pursuant to 28 U.S.C. § 2244(d) for his failure to file within the applicable one-year limitation period. The limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable

---

[5] Because June 21, 2009 fell on a Sunday, Crawford had until Monday, June 22, 2009 to file his federal petition. *See* FED. R. CIV. P. 6(a) ("The last day of the period [of limitation] shall be included, unless it is a Saturday, a Sunday, or a legal holiday. . . .").

with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999);  *see also Steed v. Head*, 219 F.3d 1298 (11th Cir. 2000); *Knight v. Schofield,* 292 F.3d 709, 711 (11th Cir. 2002).  Such tolling applies only in truly extraordinary circumstances.  *Jones v. United States*, 304 F.3d 1035, 1039-1040 (11th Cir. 2002); *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).  "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner."  *Drew*, 297 F.3d at 1286; *see Helton v. Sec'y  for the Dept. of Corr.*, 259 F.3d 1310, 1313-1314 (11th Cir. 2001).

In response, Crawford argues that the limitation period should be equitably tolled. First, he contends that because he was acting pro se in the state courts, he should not be held to the same standards as attorneys.  To the extent Crawford contends equitable tolling is warranted because of his lack of legal knowledge as a pro se litigant, he is entitled to no relief from this court.  The law is well settled that an inmate's lack of legal knowledge, his failure to understand legal principles and/or the inability to recognize potential claims for relief at an earlier juncture do not constitute extraordinary circumstances sufficient to warrant equitable tolling of the limitation period.  *United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004) (*pro se* status and ignorance of the law do not justify equitable tolling); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000) (lack of legal knowledge or legal resources, even in a case involving a  *pro se* inmate, does not warrant equitable tolling); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (petitioner's *pro se* status and ignorance of the law are insufficient to support equitable tolling of the statute of limitations); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 1999) (ignorance of the law and *pro se* status do not

constitute "rare and exceptional" circumstances justifying equitable tolling); *Smith v. McGinnis*, 208 F.3d 13, 17 (2nd Cir. 2000) (petitioner's *pro se* status throughout majority of limitation period does not merit equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (unfamiliarity with the legal process during the applicable filing period did not merit equitable tolling); *Wakefield v. Railroad Retirement Board*, 131 F.3d 967, 969 (11th Cir. 1997) (ignorance of the law "is not a factor that can warrant equitable tolling.").

Next, Crawford argues that exceptional circumstances exist because he "suffered delays in meeting with [] counsel to provide documents necessary to the filing of this petition," and he experienced a delay as the result of counsel's difficulty getting admitted to this court. On many occasions, the Eleventh Circuit has explained that "[m]ere attorney negligence [will] not justify equitable tolling." *Steed*, 219 F.3d at 1300; *Sandvik*, 177 F.3d at 1270. Thus, when an attorney miscalculates a deadline, fails to adequately raise a potentially meritorious claim, or otherwise makes a run-of-the-mill mistake, such circumstances are plainly insufficient to warrant equitable tolling. *See, e.g., Steed*, 219 F.3d at 1300. However, the Eleventh Circuit has held that serious attorney misconduct may constitute an extraordinary circumstance for purposes of equitable tolling. *See Downs v. McNeil*, 520 F.3d 1311, 1318-22 (11th Cir. 2008).

In *Downs*, the Eleventh Circuit vacated a district court order dismissing a habeas petition as untimely based on counsel's alleged misconduct that "ran the gamut from acts of mere negligence to acts of gross negligence to acts of outright willful deceit." *Id*. at 1323. Although the court of appeals viewed counsel's behavior as a whole, it was material to the

*Downs* decision that the alleged acts of attorney misconduct included affirmative misrepresentations by counsel about the filing of a state habeas petition: such filing would have tolled the federal habeas limitations period.[6] *Id*. at 1323-24. The Eleventh Circuit in *Downs* repeatedly and specifically noted counsel's lie: one that deprived the petitioner of as many as three months of his limitation period before it was discovered. *Id*.

The circumstances alleged by Crawford fall far short of evidencing either egregious misconduct by counsel, reasonable diligence by Crawford, or circumstances beyond Crawford's control. At most, Crawford has alleged that he relied on counsel to file his § 2254 motion, and counsel failed to file the petition in a timely manner. There is no suggestion that, as was the case in *Downs*, counsel refused to communicate with Crawford about the status of the case, made knowing or reckless factual misrepresentations, repeatedly deceived Crawford, or worked against Crawford's interests.[7] Allegations establishing only lawyer negligence – in the absence of any indication of bad faith or dishonesty – do not rise to the level of egregious attorney misconduct for purposes of applying equitable tolling.

---

[6] The Eleventh Circuit reached similar conclusions in *Kicklighter v. United States*, 281 Fed. Appx. 926 (11th Cir. 2008) (unpublished); and *Hammond v. Frazier*, 275 Fed. Appx. 896 (11th Cir. 2008) (unpublished). Both cases involved allegations of affirmative misrepresentations by counsel. In *Kicklighter*, the petitioner alleged that counsel "lied to him about whether the appeal had been filed." 281 Fed. Appx. at 926. In *Hammond*, the petitioner alleged that his "post-conviction counsel falsely told him that counsel had filed the state habeas petition." 275 Fed. Appx. at 896.

[7] In *Downs*, the Eleventh Circuit found the following facts, if taken as true, sufficient to constitute extraordinary circumstances: the petitioner made repeated, unequivocal demands that his counsel file his habeas petition; the petitioner closely tracked counsel's work and the applicable filing deadlines; and counsel overtly deceived the petitioner in representing that they had filed a tolling petition in state court when in fact they had not done so. *See Downs*, 520 F.3d at 1323. Here, there is no indication that Crawford made any efforts, before expiration of the limitation period, to keep abreast of his counsel's efforts to file his habeas petition.

9

Moreover, and perhaps most importantly, counsel's filing of the habeas petition was not a necessary, legal requirement. Crawford could have filed his §2254 petition *pro se*, and counsel could have filed a notice of appearance after the petition was timely filed. Nor was counsel's failure to file the petition a real impediment to Crawford's filing of a § 2254 motion. In short, Crawford fails to show due diligence on his part or that the circumstances that led to his late filing were such that he was unable to control them. *See Downs* at 1323-24. Consequently, this court concludes that Crawford is not entitled to equitable tolling of the limitation period on the basis of delays caused by his counsel.

Finally, Crawford also contends that a delay occurred between the dismissal of his appeal and the filing of his Rule 32 petition in state court because of the time it took to receive a copy of the appeal, and that "it is unclear what period of time elapsed between the delivery of the Petitioner's Rule 32 Petition to prison officials and its' receipt by the Houston County Clerk of Court." (Doc. # 10 at 3). Section§ 2244 (d)(1) contains a stop-start provision of which requires the court to consider any time during which no state action is pending. Thus, any time between the final date of conviction and the filing of a Rule 32 petition must be counted as expired time and deducted from the one year limitations period. Utilizing the earliest possible date that Crawford could have submitted his Rule 32 petition to prison officers, May 22, 2007,[8] his petition in this court is still untimely. In addition, the court did not count any of the time when Crawford had a properly filed state collateral review petition pending. Even tolling the one-year statute of limitations by Crawford's filings in the

---

[8] *See Fn 4, supra.*

state court, the instant petition was filed twenty days too late.  Crawford has failed to demonstrate why any delay between the dismissal of his appeal and the filing of his Rule 32 petition in state court prevented him from filing his federal habeas petition in a timely manner.  Because section 2244(d)(1) contains stop-start provisions, there remained 317 days in the federal limitation period after Crawford filed his Rule 32 petition in state court and tolled the running of the period.  Crawford fails to offer any explanation as the delay in filing his Rule 32 petition also prevented him from filing his federal petition within the remaining 317 days in the limitation period.

The court concludes that Crawford has failed to demonstrate the existence of extraordinary circumstances beyond his control that prevented him from filing a timely petition, nor has he met the heavy burden of showing that he exercised reasonable diligence in prosecuting his claim and in bringing forth his habeas petition. There is no evidence in the record tending to show that Crawford's delay in filing the instant § 2254 petition was the result of extraordinary circumstances that were beyond his control and unavoidable with the exercise of diligence. Crawford presents nothing which demonstrates that he acted diligently in pursuing his federal claims.  Thus, this court "cannot say that [Crawford] has acted with the conscience, good faith, and reasonable diligence necessary to call into action the powers of the court.  This conclusion is based on the longstanding, firmly rooted principle that a court cannot grant equitable tolling unless it is satisfied that the party seeking such relief has acted with diligence."  *Drew*, 297 F.3d at 1291 n.5 (internal quotations omitted). Consequently, the court concludes that Crawford is not entitled to equitable tolling of the

limitation period as he has shown neither extraordinary circumstances nor the diligence necessary to toll the statute. *See Sandvik*, 177 F.3d at 1271. Under the circumstances of this case, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) clearly expired before Crawford filed the instant § 2254 petition.

**B. Competency Claim**.

Crawford also alleges that his competency to stand trial claim was raised in the state courts but was not addressed. Crawford does not assert that he was mentally incompetent to stand trial.[9] Rather, he alleges that his competency "was not adequately resolved by the Circuit Court due to the fact that no hearing was ever held on that issue." (Doc. # 10 at 4, ¶ 10). To the extent that Crawford is raising a procedural due process claim related to his competence to stand trial pursuant to *Pate v. Robinson,* 383 U.S. 375 (1966), even if the court tolled the limitation period for this claim, he would be entitled to no relief. However, even if the court considered the merits of the procedural competency claim, Crawford would

---

[9] The court does not construe Crawford's petition as raising a substantive competency claim because Crawford does not claim that he was mentally incompetent to stand trial. However, even if the court construed his petition to contain a substantive competency claim, Crawford would be entitled to no relief because he fails to meet the high standard of proof necessary for this claim to survive.

> To show entitlement to a postconviction evidentiary hearing on a substantive competency claim, "the standard of proof is high [and] the facts must positively, unequivocally, and clearly generate legitimate doubt." *Card v. Singletary*, 981 F.2d 481, 484 (11th Cir. 1992 (quotations omitted), *cert. denied*, 510 U.S. 839, 114 S.Ct. 131, 126 L.Ed.2d 86 (1993).

*Medina v. Singletary*, 59 F.3d 1095, 1106 (11th Cir. 1995). *See also Reese v. Wainwright*, 600 F.2d 1085, 1093 (5th Cir. 1979) ("To sustain his present collateral claim that he was actually incompetent, [the petitioner] must bring forward facts that "positively, unequivocally, and clearly generate a real, substantial, and legitimate doubt" as to his mental capacity to assist in his trial defense.") Crawford does not point to any evidence, and nothing before the court rises to the level of "a real, substantial, and legitimate doubt," about his competency to stand trial.

12

be entitled to no relief.  "To prevail on the procedural claim, "a petitioner must establish that the state trial judge ignored facts raising a 'bona fide doubt' regarding the petitioner's competency to stand trial."  *Medina v. Singletary*, 59 F.3d 1095, 1106 (11th Cir. 1995) quoting *James v. Singletary*, 957 F.2d 1562, 1572 n.15 (11th Cir. 1992).  This Crawford has failed to do.

In opposition to Crawford's petition for habeas corpus relief, the respondents submitted a competency evaluation performed by psychologist Doug McKeown, Ph.D, on May 26, 2004, which was prior to Crawford standing trial for robbery.[10]  Dr. McKeown noted that Crawford's

> general attitude and demeanor is one of cooperation but he is somewhat lethargic in responding. Mr. Crawford demonstrates no impairment of specific memory lapse function but he does indicate that under the influence of drugs he has some memory lapses and blackouts.  The defendant is fully oriented to time, person, place and situation.
>
> \*       \*       \*
>
> The Defendant is quite cognizant of the current charges and has a reasonable appreciation and understanding of the potential consequences for a conviction indicating that he has no knowledge, memory or association with the facts associated with the current charges.  He has difficulty in appraising a potential outcome based on his report of no memory or knowledge.
>
> \*       \*       \*
>
> The current assessment documents an individual with a long history of substance abuse associated with alcohol and cocaine.  Some depressive symptomatology appears to exist but the preponderance of information would support characterological difficulties and a Personality Disorder NOS.  His

---

[10] The evaluation was submitted by Crawford as an attachment to his Rule 32 petition in state court. The respondents submitted Crawford's state court documents as exhibits to their answer.

> current explanation of auditory intrusive thoughts and voices by his description appear more to be "self talk."
>
> This examiner opines that the Defendant is capable of assuming the role of a Defendant in a judicial proceeding and assisting defense counsel and that no information is available that would suggest an impairment of cognitive abilities at or about the time of the alleged offenses. Chronic intoxication apparently has been a long term and ongoing issue.

(Doc. # 8, Ex. A).

Crawford fails to meet the high standard of proof necessary to succeed on this claim. No presumption of incompetency attaches simply because Crawford underwent a psychological evaluation. *See Medina*, 59 F.3d at 1106. Crawford does not point to any irrational behavior, outbursts at trial, or other medical opinions that placed his competency in doubt. No psychologist or psychiatrist calls into question Crawford's mental competency at the time of trial. Prior to trial, Dr. McKeown conducted an evaluation of Crawford and noted no cognitive impairment. Dr. McKeown's evaluation undermines Crawford's claim. Nothing before the court generates any doubt about Crawford's mental competency, and the evidence certainly does not suggest that "the state trial judge ignored facts raising a 'bona fide doubt' regarding [his] competency to stand trial." *Id.* Thus, the court concludes that Crawford is entitled to no relief on this basis. The petition for habeas relief is due to be denied, and this case is due to be dismissed.

## CONCLUSION

Accordingly, for the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be denied and that this case be

dismissed pursuant to 28 U.S.C. § 2244(d).  It is further the RECOMMENDATION of the Magistrate Judge that the costs of this proceeding be taxed against the petitioner.  It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **February 15, 2013.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 1st day of February, 2013.

                                       /s/Charles S. Coody
                                       CHARLES S. COODY
                                       UNITED STATES MAGISTRATE JUDGE