IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ALTON LARRY CRAWFORD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:09cv1102-TMH |
| | ) | (WO) |
| BILLY MITCHEM, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Now pending before the court is the plaintiff's motion for relief from a judgment pursuant to Rule 60(b) (doc. # 23) filed on October 11, 2013. Crawford, through counsel, filed a petition for habeas corpus relief on July 13, 2009. On February 1, 2013, the Magistrate Judge recommended that the petition for habeas corpus relief be denied. (Doc. # 18). Counsel filed objections to the Recommendation of the Magistrate Judge challenging the denial of the petition. (Doc. # 19). On February 26, 2013, the court overruled the petitioner's objections, adopted the Recommendation of the Magistrate Judge, denied the petition for habeas corpus relief, and dismissed this action. (Docs. # 21 & 22).

Relying on FED. R. CIV. P. 60(b)(3)[1], the plaintiff asserts that he is entitled to relief

---

[1] FED. R. CIV. P. 60(b) provides in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding, for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or misconduct by an opposing party; . . .

because he was the victim of his counsel's "gross negligence" because his attorney filed his petition for habeas relief in wrong district and it was untimely filed. (Doc. # 23 at 1). "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez . Crosby*, 545 U.S. 524, 528 (2005). FED.R.CIV.P. 60 is applicable to habeas cases. *Id.*, at 529. *See also Howell v. Sec., Fla. Dep't of Corr's*, — F.3d —, *4 (11th Cir. 2013); *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007). "[A] Rule 60(b) motion challenging only a district court's prior ruling that a habeas petition was time barred "is not the equivalent of a successive habeas petition" and may qualify for Rule 60(b) relief." *Banks v. Sec., Fla. Dep't of Corr's*., 491 Fed. Appx. 966, 969 (11th Cir. 2012). *See also Stewart v. Sec., Fla. Dep't of Corr's.*. 355 Fed. Appx. 275, 280 (11th Cir. 2009).

"Under Rule 60(b), the prisoner must prove 'extraordinary circumstances' justifying reopening of a final judgment." *Howell*, — F.3d at *4. *See also Santa v. United States*, 492 Fed. Appx. 949, 951 (11th Cir. 2012) ("A movant seeking relief pursuant to Rule 60(b) must show 'extraordinary circumstances' justifying the reopening of a final judgment."); *Saunders v. United States*, 380 Fed. Appx. 959, 964 (11th Cir. 2010) (petitioner "must demonstrate that the circumstances are sufficiently extraordinary to warrant relief"); *Williams v. United States*, 360 Fed. Appx. 34, 35 (11th Cir. 2010) (same).

Crawford has failed to provide the court with sufficient extraordinary circumstances to justify granting relief under Rule 60(b). Although Crawford alleges that his attorney's actions of failing to timely file his petition in the correct court constitutes "extraordinary

circumstances," the law is clear that attorney negligence as alleged in this case does not constitute circumstances sufficient to warrant relief under FED.R.CIV.P. 60(b). The law is clear that "[m]ere attorney negligence [will] not justify a grant of equitable tolling." *Ryder v. Sec., Dept' of Corrs.*, 521 Fed. Appx. 817, 819 (11th Cir. 2013); *Steed*, 219 F.3d at 1300; *Sandvik*, 177 F.3d at 1270.

> The Supreme Court has also instructed us that "a garden variety claim of excusable neglect such as a simply miscalculation that leads a lawyer to miss a filing deadline does not warrant equitable tolling." *Holland*, 130 S.Ct. at 2564 (citation and quotation marks omitted); *Lawrence*, 549 U.S. at 336-37, 127 S.Ct. at 1085 ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."); *see also Chavez*, 647 F.3d at 1066.

*Hutchinson v. Fla.*, 677 F.3d 1097, 1100 (11th Cir. 2012). Thus, when an attorney miscalculates a deadline, or makes a mistake such as filing in the wrong district, these circumstances are simply insufficient to warrant equitable tolling. Because Crawford's allegations do not rise to the level of extraordinary circumstances, relief under Rule 60(b) is not warranted. In addition, Crawford presents no evidence at all to suggest that he was otherwise entitled to relief in his § 2254 proceeding. Consequently, his FED.R.CIV.P. 60(b) motion is due to be denied.

## II.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Crawford's motion pursuant to FED.R.CIV.P. 60(b) be DENIED. It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **November 8, 2013.** A party must specifically identify the findings in the

Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc).

Done this 25th day of October, 2013.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE